UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                              Plaintiff,

                                                                                   <u>DECISION AND ORDER</u>

                                                                                    07-CR-6088L

                  v.

ROBERT FRANK HERMAN,

                                              Defendant.
_____

This Court referred all pretrial motions and other preliminary matters to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). In due time, the defendant, Robert Frank Herman ("Herman"), moved to suppress statements he made and evidence which was seized on May 23, 2007, the day Herman was arrested at his home at 172 Afton Street, Rochester, New York.

Magistrate Judge Feldman held a suppression hearing and received submissions from counsel and, thereafter, issued a Report and Recommendation (Dkt. #33) recommending denial of the motion in part and granting it in part. Magistrate Judge Feldman recommended denying of the motion to suppress physical evidence -- a box of ammunition -- obtained from Herman's residence. Magistrate Judge Feldman recommended denying the motion to suppress certain oral statements of Herman but recommended suppressing written or oral statements made by Herman after the box of ammunition

was surrendered. Magistrate Judge Feldman determined that once the box of ammunition was surrendered and ATF Special Agent Christopher Robinson made certain statements, Herman was not free to leave and was, therefore, "in custody." Statements made after that point by Herman, which were not prefaced by *Miranda* warnings, should be suppressed.

Both Herman, by counsel, and the Government filed objections to that part of Magistrate Judge Feldman's Report and Recommendation that was unfavorable to them.[1] Herman objects to the Magistrate Judge's determination not to suppress the box of ammunition; the Government objects to the Magistrate Judge's determination that Herman was "in custody" once the ammunition was discovered.

I have reviewed the Report and Recommendation, as well as the objections filed by both parties. A transcript of the suppression hearing was also prepared and available for my review.

There are two issues on appeal: first, was Herman in custody when asked about firearms and ammunition in his residence; and, second, was he in custody after the ammunition was produced and Agent Robinson announced that they now had a "problem."

As to the first issue, I agree with Magistrate Judge Feldman that Herman was not in custody when the agents inquired about firearms and ammunition. This conversation did not take place in a police station, in the back of a police car or after the defendant had been formally arrested and placed in handcuffs. Rather, Herman was in his own home, sometimes on the front porch and other

---

[1] Herman also filed a *pro se* motion on June 19, 2008, styled as a "Pro Se Motion to Dismiss." In that filing, Herman challenges the veracity of one of the Government's witnesses at the suppression hearing; objects to the Magistrate Judge's Report and Recommendation and seeks dismissal of the indictment. Although this Court has no obligation to consider such a *pro se* motion, since Herman has a lawyer who has filed objections, I will rule on the *pro se* motion and reject Herman's objections to the Report and Recommendation and deny the motion to dismiss.

times inside the residence. The agents never told Herman that he was under arrest when they came to interview him. In fact, they repeatedly told Herman that they were **not** there to arrest him.

Magistrate Judge Feldman set forth the applicable case law concerning the hallmarks of custodial interrogation. I agree with that summary and Magistrate Judge Feldman's determination that up to the point when ammunition was produced, Herman was not in custody and, therefore, *Miranda* warnings need not have been given to him. Therefore, conversations and statements of Herman prior to the production of the ammunition are admissible and defendant's motion to suppress them is denied.

As to the second issue, Magistrate Judge Feldman determined that the situation changed once Herman provided the ammunition to the agents from inside the residence. At that point, the agents no longer reassured Herman that they were not there to arrest him but, on the contrary, they advised Herman that there was now a problem and that they intended to immediately present the matter to federal prosecutors, because it was not lawful for a convicted felon to possess ammunition.

It is apparent to me that the agents would not have allowed Herman to leave at that point while they checked with the prosecutors concerning further proceedings. A fair inference from the evidence is that had Herman told the agents he intended to leave at that point, the request would have been denied. I believe that the facts and the tenor of the conversation changed once the ammunition was discovered, and those facts conveyed to a reasonable person in Herman's situation that he was no longer free to go but was in fact held in the custody of the agents. I agree, therefore, with Magistrate Judge Feldman that the second part of Herman's written statement (in Agent Robinson's handwriting) should be suppressed.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman. The objections to the Report and Recommendation of both defendant and the Government are rejected.

Defendant's motion to suppress statements is granted, in part. The oral and written statements of defendant which were made subsequent to his production of the ammunition are suppressed. In all other respects, defendant's motion to suppress is denied.

Defendant Herman's *pro se* objections and motion to dismiss (Dkt. #36) is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 25, 2008.